UNITED PAPERWORKERS INTERNATIONAL UNION, LOCAL 1737, Plaintiff–Appellee,

v.

INLAND PAPERBOARD AND PACKAGING, INC., Defendant–Appellant.

Nos. 00–6252, 01–5010.

United States Court of Appeals, Sixth Circuit.

Dec. 21, 2001.

Before CLAY and GILMAN, Circuit Judges; and EDGAR, Chief District Judge.*

EDGAR, Chief District Judge.

## I.

This appeal arises from an action to vacate an arbitration award pursuant to 29 U.S.C. § 185. After conducting a hearing regarding the merits of a grievance filed by Local 1737 of the United Paperworkers International Union ("Union"), the arbitrator upheld the decision of Inland Paper-

board and Packaging, Inc., ("Inland") to terminate employee William Anderson. The district court vacated the arbitrator's award, finding that it did not draw its essence from the collective bargaining agreement ("CBA") between Inland and the Union. Inland appeals the decision of the district court. For the following reasons we REVERSE.

## II.

Inland produces corrugated boxes at its plant in Louisville, Kentucky. The plant operates continuously five days of the week. During those five days, the plant has three work shifts. Inland employs many individuals at its Louisville plant. About 100 of Inland's 133 employees are represented by the Union.

Prior to October 1996, William Anderson was employed at Inland as a slitterman. As a slitterman, Anderson worked on the corrugator, a machine that produces sheets of corrugated board. The slitterman is responsible for the knife and slitting operation, which must run continuously during each of the three daily eight-hour shifts.

In October 1996, Anderson injured his left foot in a motorcycle accident. As a result of his injury, he was absent from work until March 1997. Anderson then returned to his slitterman position at Inland and was assigned light duty work on a temporary basis. Inland permitted Anderson to temporarily perform light duty work believing that he would return to working at full capacity in the future.

In August 1997, Anderson had another motorcycle accident. Again he injured his left leg. Anderson then took another leave of absence from work. During this leave

---

* The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern district of Tennessee, sitting by designation.

of absence, Inland, the Union, and Anderson discussed jobs Anderson could perform at Inland when he returned to work. Anderson insisted that he return to the slitterman job. He made it clear that he would not accept any other position.

On July 1, 1998, Anderson's doctor released him to return to work on July 6, 1998. However, the doctor restricted Anderson to working no longer than an eight-hour shift. Inland refused to allow Anderson to return to work in the slitterman position with his eight-hour work restriction. Inland required slittermen at the Louisville plant to be capable of performing overtime work. On each scheduled workday, only one slitterman is scheduled to work during each of the three eight-hour shifts. If the slitterman position is not filled, the corrugator stops running, and eventually the entire plant shuts down. As a result, if one slitterman cannot work, the other two slittermen must each work four hours of overtime. Slittermen work significant amounts of overtime.

Anderson could not work overtime. Therefore, Inland made a good faith effort to place Anderson in another job position that did not require overtime. However, Anderson was not interested in any other position, and he did not return to work with Inland. Sometime shortly following the one-year anniversary of the date Anderson's leave of absence commenced, Inland terminated Anderson's employment for failure to return to work after a medical leave of absence.

The Union filed a grievance on Anderson's behalf and pursued it through binding arbitration. The arbitrator endorsed Inland's position that Anderson was terminable for cause under Article XIV, Section 1 of the CBA, which governs leaves of absence. The arbitrator found that Anderson's employment was terminated "automatically" when he failed to return to work after the completion of his one year medical leave of absence. The CBA also provides that employment is terminated when an employee fails to report for duty for three consecutive days. Anderson did not return to work within that time frame.

The Union then filed this lawsuit seeking to vacate the arbitration award. The district court found that the arbitrator's decision did not draw its essence from the terms of the collective bargaining agreement and vacated the arbitration award. Inland timely filed this appeal.

### III.

This Court reviews the district court's vacation of the arbitrator's award *de novo.* *Tennessee Valley Auth. v. Tennessee Valley Trades & Labor Council,* 184 F.3d 510, 514 (6th Cir.1999); *Bruce Hardwood Floors v. Southern Council of Indus. Workers,* 8 F.3d 1104, 1107 (6th Cir.1993). However, "courts play only a limited role when asked to review the decision of an arbitrator." *Tennessee Valley Auth.,* 184 F.3d at 514. The review of an arbitration award is "one of the narrowest standards of review in all of American jurisprudence." *Id.* at 514–15 (quoting *Lattimer–Stevens Co. v. United Steelworkers,* 913 F.2d 1166, 1169 (6th Cir.1990)).

A court must enforce an arbitrator's award as long as the award "draws its essence from the collective bargaining agreement" and is not merely the arbitrator's "own brand of industrial justice." *United Paperworkers Int'l Union v. Misco., Inc.,* 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). "As long as the arbitrator is even arguably construing or applying the contract and ﹐acting within the scope of his authority," this Court cannot overturn his decision even if convinced that the arbitrator committed serious error." *Misco,* 484 U.S. at 38; *see Major League Baseball Players Ass'n v. Garvey,*

532 U.S. 504, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001). The parties to a CBA negotiate for an arbitrator's interpretation of the contract, and the Court will rarely overturn that interpretation. *Eastern Ass'd Coal Corp. v. United Mine Workers of Am., Dist. 17,* 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000).

An arbitrator's award fails to "draw its essence" from the collective bargaining agreement when the award (1) conflicts with the CBA's express terms; (2) imposes requirements on the parties that were not expressly created by the agreement; (3) is not rationally supported by or derived from the CBA; or (4) is based on general considerations of fairness and equity rather than the CBA's express terms. *Tennessee Valley Authority v. Tennessee Valley Trades & Labor Council,* 184 F.3d 510, 515 (6th Cir.1999); *Bruce Hardwood Floors v. Southern Council of Indus. Workers,* 8 F.3d 1104, 1107 (6th Cir.1993); *Dobbs, Inc. v. Local 614, Int'l Bhd. of Teamsters,* 813 F.2d 85, 86 (6th Cir.1987). In the present case, the arbitrator's award did draw its essence from the CBA, and the arbitrator acted within his scope of authority under the contract.

■ The arbitrator's decision that Inland had just cause to terminate Anderson is logically consistent with the CBA. Under Article XIV, Section, 1, Anderson was entitled to a leave of absence because of his injured left leg. However, that provision only entitles injured employees to one year of leave time. Anderson did not report to work after the completion of his one year leave of absence. He also did not comply with Article XIII, Section 6(e), which provides that failure to report for work for

three days constitutes grounds for dismissal.

The Union relies upon Article XIII, Section 7 of the CBA, which provides employees with a right to return to their jobs with seniority after a leave of absence.[1] However, the right to return to a former position is not necessarily absolute. Section 7 must be construed in the context of other CBA provisions.

■ Another provision of the CBA requires employees to be available for overtime work as assigned or scheduled. The arbitrator found that the performance of overtime work is essential to the slitterman position. The ability of slittermen to work overtime is essential to the continuous functioning of the plant because of the limited number of slitterman positions. These facts are not disputed. The district court accepted the arbitrator's factual findings. Anderson could not meet the overtime requirement of the slitterman job. The arbitrator reasonably found that the CBA did not require Inland to return Anderson to a position he could not perform after his medical leave of absence.

■ The terms of the CBA also support the arbitrator's rejection of the Union's argument that Anderson failed to return to work only because Inland prevented him from doing so. Article XIII, Section 8 covers employees who cannot perform "arduous work" because of a physical disability. Such an employee may fill another available job with Inland or request that such a job be found. An essential function of the slitterman position is the ability to work overtime. Anderson could not fulfill

---

1. Inland contends that the Union waived the argument that Inland violated Article XIII, Section 7 by terminating Anderson's employment because the argument was not raised

before the arbitrator. However, the Court need not address that issue because the arbitrator's interpretation of the CBA is consistent with Art. XII, § 7.

that requirement. Thus, the work was arduous for Anderson. Anderson not only failed to request reassignment; he also stated that he would accept no position other than slitterman. Under the circumstances, Inland did everything in its power to comply with the CBA procedures and attempted to reinstate Anderson's employment after his leave of absence.

The arbitrator neither added express terms to the CBA nor improperly based his ruling on considerations of equity. The arbitrator properly analyzed various contract provisions and came to a rational interpretation of the CBA as applied to the facts. The Court recognizes that the CBA may be susceptible to another interpretation. However, the standard of review in this case is very narrow. The arbitrator's interpretation draws its essence from the contract and is therefore entitled to deference.

### IV.

The decision of the United States District Court for the Western District of Kentucky should be **REVERSED** and this case is **REMANDED** for reinstatement of the arbitration award.